

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN        AUSTIN 11, TEXAS
XXXXXX XXXXXXXXXXXX
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear General Knox:           Opinion O-2897
                             Re:  Authority of the Board of
                                  Control to appoint the
                                  wife of the Superinten-
                                  dent of the Alabama and
                                  Coushatti Indian Agency
                                  Livingston to the posi-
                                  tion of office assist-
                                  ant bookkeeper.

        We have your request for any opinion under date
of November 14, 1940, as follows:

        "Enclosed is a letter from honorable
        Clem Fain of Livingston, Texas addressed
        to this Board and suggesting that this
        Board hire Mrs. Corley, wife of the super-
        intendent of the Indian Reservation, as
        secretary to the superintendent.

        "In view of the facts set out in Mr.
        Fain's letter and in view of the terms of
        Article 693, Section 3 of the Revised
        Civil Statutes, your valued opinion is
        respectfully requested as to whether or
        not this Board would have the power to
        hire Mrs. Corley as set forth in Mr. Fain's
        letter, without violating the Nepotism law."

        Item 2 of the current appropriation for the Alabama
and Coushatti Indian Agency Livingston is:

        "Office assistant-bookkeeper, if
        U. S. Salary ceases...........$900.00"

        We understnad this position to be the one con-
templated in your reference to "secretary to the super-
intendent."

Article 693, subdivision 2, of the Revised Civil Statutes, authorized the Board of Control "to appoint all officers and employees of such institutions (State eleemosynary institutions) and fix their salaries and wages." The Alabama and Coushatti Indian Agency Livingston is an eleemosynary institution of the State.

A rider to the current appropriation for the Agency, Special Laws 46th Leg. p. 306, provides:

"The expenditure of all money herein appropriated for the welfare of the Alabama and Coushatti Indians in Polk County and all employees therefor, shall be under the supervision and appointment of the State Board of Control."

You are therefore respectfully advised that it is the prerogative and duty of the Board of Control to make the appointment to the position under consideration, and in doing so, it would not violate the Penal statute against nepotism if it appointed to that position the wife of the Superintendent.

Article 432 of the Penal Code of Texas, defining nepotism, is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State. or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general of special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

"hile this Article contemplates "all boards" established by or under the authority of any general or special law of this State, such as the Board of Control, (See Article 433 Penal Code) nevertheless, it would not be violated in the appointment by the Board of Control here under consideration, unless, of course, Mrs. Corley is related within the prohibited degree to some member of your Board.

It your Board has heretofore made any order authorizing the Superintendent of this Agency to appoint the employees of such Agency, such order should be rescinded, and the Board itself should henceforth actually make such appointments.

It will be observed the appropriation for this item or position is a conditional one, that is, dependent upon the ceasing of the U. S. salary therefor. We are not advised whether the United States has ceaseu to provide for such salary, and we are not therefore passing upon the question of the availability of any funds for payment of the office of assistant bookkeeper.

Our conclusions are not in conflict with our Opinion No. O-1857, for we had there only the question of the power of the Board of Control to remove employees of eleemosynary institutions.

The implications of that opinion as to the right of the Board to remove such employees as are officers under the State are overruled in the case of Harry Knox et al. vs. Dr. W. J. Johnson, 141 S. ". (2) 698.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      Ocie Speer
        Assistant

OS-MR/pam

APPROVED NOV 22, 1940
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BWB, CHAIRMAN